The opinion of the Court was delivered by
Wardlaw, J.
By his deed poll of September, 1846, Alexander Geiger conveyed the land in question, with all its incidents, to J. M. Jefcoat; and afterwards, October 26, 1846, the grantor and grantee, in the presence of one of the two witnesses who attested the execution of the deed in the previous month, altered the deed by inserting a larger sum as the consideration than was expressed in the deed, and by incorporating a reservation in the following words : “ saving and excepting the saw timber on the above-mentioned premises.” The deed, in this changed form, was recorded the same day in the registry of mesne conveyance. This is *89 an action of trespass q. c. f. for cutting the saw timber on the land, and the plaintiffs can recover only on the postulate that this reservation is valid. The alterations are material, and if they had been made under certain circumstances, as by the grantee without the privity of the grantor, would have destroyed the deed as a muniment of title, whatever may have been the effect on the title itself; but they were made by the common consent of the parties, and in pursuance of the stipulations of their original bargain, and are not considered as annulling the deed, although that matter seems to be immaterial. There was no reconveyance by the grantee to the grantor of any interest in the land, nor any written agreement or memorandum on his part recognizing the existence of any interest or easement in the premises abiding in the grantor.
The case of Knotts vs. Hydrick, 12 Rich. 314, determines, that where a grantor of a tract of land in the conveyance reserves for himself the growing timber trees, this is really an exception, in the language of the law, of part of the realty which would have passed to the grantee if the exception had not been made. If Jefcoat had made any re-conveyance or grant of the saw timber to Geiger in writing, it would not have been necessary, in my opinion, that the grant should be attested by two witnesses, nor indeed by any witness, for the Act of 1795, requiring the attestation of two witnesses to conveyances of the fee, (Craig vs. Pinson, Chev. 271,) can hardly be applied to a conveyance of a life estate, especially where the interest is incorporeal; and the exception in the present instance, being to an individual named without mention of his heirs, would not be regarded in any event as operative beyond the life of Geiger. Knotts vs. Hydrick. The question in the cause is whether the exception be at all operative.
Undoubtedly the conveyance from Geiger to Jefcoat in September, 1846, immediately upon its execution, passed the *90 title of the whole realty comprised in the tract, including the trees, to the grantee, Jefcoat.; and it seems equally clear that no destruction of the deed would serve to revest the title in the grantor. If a grantee of land himself alter or otherwise destroy his deed, his title is not gone, although the evidence of it may not be produced so easily. 1 Green. Ev. 568. In our own case of Turnipseed vs. Bussey, 1 McC. 279, which has been always followed since, the grantor and grantee, intending to rescind their bargain and revest the title in the grantor, burnt the conveyance, and this act, in the absence of re-conveyance, was held to leave the title in the grantee. It may be concluded, then, safely, that the alterations of the deed in October, 1846, even if they avoided the deed, did not revest the grantor with title to any portion of the real estate conveyed by him.
It is argued that the alteration of the deed by the common consent of the parties is equivalent to a re-execution of it, though not attested. The re-execution of a deed needs the same formalities required as to the original execution. If the conveyance, being of the fee, at first required attestation by two witnesses — -and that is settled by Craig vs. Pinson— another execution of a deed conveying the same subject, with an exception, also needs the attestation of two witnesses; and the supposed re-execution in this case lacks this requisite. The notion of a new execution of the whole deed is hardly plausible, although this is very distinct from the inquiry whether the matter reserved or excepted may not have been transferred adequately by Jefcoat to Geiger. In support of the doctrine of re-execution of the deed, the appellants principally rely on the case of Hudson vs. Revett, 4 Bing. 368, 15 E. C. L. R. 467. There defendant executed a deed conveying his property to trustees to sell for the benefit of certain creditors, the particulars of whose demands were stated in the deed ; a blank was left for one of the principal debts, the amount being then unknown, the exact *91 amount of which being ascertained was inserted in the deed the day after it had been signed and sealed by the grantor, but this was done in his presence and with his assent. He afterwards recognized the deed as valid, particularly by his presence when it was executed by his wife, and by joining her in a fine to enure to the uses of the deed. Held, that the deed was valid, notwithstanding the filling of the blank after execution, and that the deed being incomplete by reason of the blank when signed and sealed, might be presumed from the acts of confirmation to be re-delivered. But the distinction between that case and the present is very broad. There the deed was confirmed as to the grantor, who had signed and sealed it by reason of his acts of confirmation, and so far as appears the deed needed no witness. The Court rested that case on the authority of Carter vs. Straphan, Cowp. 201, where a deed executed by a married woman, and void from her disability, had been confirmed by her when dis-covert; and the jury was instructed from her confirmation to presume a re-execution by her. No just censure can be predicated of the general doctrine that a void or incomplete deed may be confirmed by the grantor; but the question before us is, whether or not a grantee assenting to an alteration of a deed already effectual and complete redintegrates the title of the grantor. The grantee here has not assented in any written form, by himself, or an agent authorized in writing, as required by the statute of frauds, to transfer to the grantor any interest in the land which the latter had previously conveyed. The procuring of the deed to be submitted to probate and to be recorded are not substitutes for his conveyance or agreement to convey, and merely afford additional proof of that which is otherwise plain, that he assented to the alteration of the deed. It is loosely said in some of our cases that the acceptance of a deed as much estops a party as the making of a deed ; but this is true only whore the grantee by indenture or other writing has committed himself. The *92 acceptance of an estate does sometimes estop as a matter in pais; for instance, where one accepts a lease from another, he cannot while in possession dispute the title of the landlord.
Our case of Giles vs. Pratt, 2 Hill, 439, a binding authority, decides that a deed poll does not estop the grantee; and supersedes the necessity of reasoning on the subject. Sec. 2 Smith L. C. 417.
The suggestion in the fifth ground of appeal, that the witness after making probate of the deed containing the alterations could not invalidate the deed, was not argued before us, and it is plainly untenable, at least so far as relates to the circumstances of the alteration. The witness and the party offering him did not seek to invalidate the deed, and the whole controversy was as to the incorporation of new provisions in the instrument.
Ordered that the appeal be dismissed. ■
Johnstone, J., concurred.
O’Neall, 0. J., dissented.

Motion refused.